Ulysses S. GORDON, Appellant,

v.

INDUSTRIAL BANK OF WASHINGTON,
Appellee.

No. 2002.

Municipal Court of Appeals for the
District of Columbia.

Argued July 22, 1957.

Decided Sept. 27, 1957.

Wilbur W. Sewell, Washington, D. C.,
for appellant.

Halcott A. Bradley, Washington D. C.,
for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant executed a promissory note
payable to appellee, which was secured by
a chattel mortgage on an automobile. The
terms of the mortgage provided that in
case of default appellee had the right to
repossess and resell the chattel. Appel-
lant defaulted, whereupon appellee repos-
sessed the automobile and arranged to sell
it to one Ely. One of appellee's employees
marked the title to the automobile "Lien
Satisfied" and the note "Paid" and by
mistake forwarded both instruments to ap-
pellant. As a result appellee was unable
to convey title to Ely.

Appellee then instituted suit against
appellant, alleging the foregoing and re-
questing the title and a money judgment
for the balance due on the note. Appellant
denied that he was in default and that the
cancellation of the instruments was un-
intentional, and counterclaimed for the
reasonable value of the automobile on the
ground that appellee had wrongfully taken
it from him. At trial appellee introduced
evidence supporting its claims and also
testimony indicating that the proceeds from
the sale to Ely exceeded the balance due
on appellant's note and that appellant had
been given credit for this amount.

At a bench conference appellant's counsel agreed to sign over the title to appellee or Ely, and all parties agreed that the only issue remaining in the case was the one raised by the counterclaim, i. e., the reasonable value of the car at the time of sale to Ely. It was also agreed that any issues with respect to appellant's debt to appellee were not to be considered by the jury. Evidence bearing on the value of the car was received, and the case was submitted to the jury with instructions to return a verdict only as to the disputed value. The jury found for appellant in the sum of $1,671.50. The judge then deducted the amount owed by appellant on his note and certain other charges and entered judgment in appellant's favor for $247.50.

On appeal the main contention made is that the judge had no right to reduce the amount of the verdict returned by the jury; that appellant does not owe the balance due on his note to appellee, but to Ely, who has "paid" it for him. We cannot agree. It is quite obvious from the evidence that Ely did not agree to assume appellant's debt but simply contracted to purchase the automobile from appellee free of lien. It is equally obvious that the reason why appellee was not "owed" anything by appellant was simply because it had given him the benefit of a credit from the proceeds of the sale to Ely, an ordinary bookkeeping transaction. Through his counsel appellant in effect admitted that he was in default on his payments, that the car was properly repossessed, that the title did not belong to him, and in fact he agreed to release it. Consequently it is apparent from the undisputed evidence and the admissions of counsel that the only portion of the "reasonable value" of the car to which appellant was entitled was any surplus remaining after his original debt was satisfied, and that this amount was the maximum which appellant could possibly recover on his counterclaim. Actually the jury did not return a verdict and the legal effect of what the jury did in this case was merely to determine the fair market value of the automobile as of the date of sale by direction of the court and with the consent of the parties. Thus, the deductions made by the trial judge and the judgment ultimately entered by him were proper.

We have examined carefully the lengthy record in this case and conclude that the allegation of error discussed herein, as well as the related questions also raised, is entirely without merit.

Affirmed.